### UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| BELIA CADIZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 17-cv-01949 |
| v. | ) | |
| | ) | |
| CREDENCE RESOURCE | ) | |
| MANAGEMENT LLC, | ) | |
| | ) | |
| Defendant. | ) | Jury Demanded |

## FIRST AMENDED COMPLAINT

Plaintiff, Belia Cadiz, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") and alleges:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because parts of the acts and transactions occurred here and Defendant transacts substantial business here.

## STANDING

3.     Defendant sent Plaintiff a collection letter falsely threatening litigation over an alleged debt.

4.     Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any false statements and false threats.

5.     Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

## **PARTIES**

6.      Plaintiff, Belia Cadiz, is a resident of the State of Illinois, from whom Defendant attempted to collect a delinquent consumer debt allegedly owed for a defaulted AT&T Mobility consumer medical account.  Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of the FDCPA.

7.      Defendant, Credence Resource Management LLC ("Credence"), is a Nevada corporation with its principal place of business at 17000 Dallas Pkwy., Suite 204, Dallas, Texas 75248. It does or transacts business in Illinois. (Exhibit A, Record from Illinois Secretary of State).

8.      Credence is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9.      Credence is licensed as a debt collection agency in Illinois. (Exhibit B, Record from Illinois Department of Financial and Professional Regulation).

10.      Credence operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in the State of Illinois.

11.      Credence was acting as a debt collector as to the debt it attempted to collect from Plaintiff.

12. Credence regularly collects or attempts to collect defaulted consumer debts, and is a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

13. Western Surety Company ("Western") is the surety company for the bond Credence has on file with the Texas Secretary of State. Western is liable for acts committed by Credence pursuant to, and to the extent provided by, Chapter 392 of the Texas Finance Code and a bond secured pursuant thereto, as well as any other applicable debt collection laws, including the Fair Debt Collection Practices Act. Specifically, Western is liable on bond number 71519648. Western can be served at C T Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas, 75201-3136.

## FACTUAL ALLEGATIONS

14. According to Defendant, Plaintiff incurred an alleged debt for goods and services used for personal family or household purposes, originally for an AT&T Mobility cell phone account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

15. Due to financial circumstances, Plaintiff could not pay the alleged debt, and it went into default.

16. Credence was subsequently assigned the alleged debt for collection.

17. On or about March 28, 2015, Credence sent a letter ("Letter") regarding the alleged debt directly to Plaintiff. (Exhibit D, Letter).

18. The Letter conveyed information regarding the alleged debt, including the creditor, a reference number and an amount due.

19. Thus, the Letter was a "communication" as that term is defined at §1692a(2) of the FDCPA.

20.     The Letter states, in part:

**The above listed account owing to AT&T Mobility has been assigned to Credence Resource Management, LLC for collections. This account is current delinquent and due in full. We would like to resolve this matter amicably, therefore please send your payment for the above amount. . . .**

21.     The only legal alternative to resolving a matter amicably is to resolve it through litigation.

22.     Plaintiff believed, and the unsophisticated consumer would believe, that Credence was stating that a lawsuit or some other further legal action was possible if Plaintiff did not resolve the alleged debt.

23.     However, Credence, and its client AT&T Mobility, did not intend to take legal action against Plaintiff over the alleged debt if he did not pay it.

24.     In fact, neither entity sues consumers in this district for past due debts.

25.     The unsophisticated consumer would not understand that the threat was a false threat.

26.     Credence's threat was intended to make the consumer afraid of the consequences of not paying, namely, a lawsuit.

27.     Credence made this false threat in an attempt to coerce Plaintiff into paying the balance in full on the alleged debt.

28.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**False or misleading representations**

**A debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (5) The threat to take any action that cannot legally be taken or that is not intended to be taken. . .**

. . . **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

29.    Credence threatened to take action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threatened the possibility of a lawsuit against Plaintiff for an alleged debt.

30.    A false threat to take an action not intended to be taken requires two elements: (1) the unsophisticated consumer would believe that legal action was threatened; and (2) the debt collector did not intend to take legal action. *United States v. Nat'l Fin. Servs., Inc.*, 98 F. 3d 131 (4th Cir. 1996); *see Leone v. Ashwood Fin., Inc.*, 257 F.R.D. 343 (E.D.N.Y. 2009); *see also United States v. Nat'l Fin. Servs., Inc.*, 820 F. Supp. 228 (D. Md. 1993), *aff'd*, 98 F.3d 131 (4th Cir. 1996); *Degonzague v. Weiss, Neuren & Neuren*, 89 F. Supp. 2d 282 (N.D.N.Y. 2000).

31.    The unsophisticated consumer would believe that Credence was threatening some alternative to amicable resolution if Plaintiff did not pay the alleged debt.

32.    Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  *See, Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I—FAIR DEBT COLLECTION PRACTICES ACT

33.    Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

34.    Credence threatened to take action against Plaintiff that it did not intend to take, in violation of 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10), when it threatened the possibility of a lawsuit against Plaintiff for an alleged debt.

WHEREFORE, Plaintiff asks that the Court enter judgment in Plaintiff's favor and against Defendant as follows:

A.    Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2);

B.   Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

C.   Such other or further relief as the Court deems proper.

**<u>JURY DEMAND</u>**

Plaintiff demands trial by jury.

By: s/*Celetha Chatman*
One of Plaintiff's Attorneys

Celetha Chatman
Michael Wood
**Community Lawyers Group. Ltd.**
73 W. Monroe Street, Suite 502
Chicago, IL 60603
Ph: (312)757-1880
Fx: (312)476-1362
cchatman@communitylawyersgroup.com
mwood@communitylawyersgroup.com