**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| BELIA CADIZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 17-cv-01949 |
| v. ) | |
| ) | Judge Andrea R. Wood |
| CREDENCE RESOURCE ) | |
| MANAGEMENT, LLC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Belia Cadiz has sued Defendant Credence Resource Management, LLC ("Credence"), alleging that Credence violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, by sending Cadiz a letter that threatened a possible lawsuit even though Credence did not actually intend to take legal action. Before the Court is Credence's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 13.) For the reasons stated below, the motion is granted in part and denied in part.

### BACKGROUND[1]

As alleged in the Complaint, Credence operates a nationwide debt collection business and is licensed as a debt collection agency in Illinois. (Compl. ¶¶ 9–10, Dkt. No. 1.) Cadiz, an Illinois resident, allegedly defaulted on an AT&T Mobility cell phone payment, and Credence was assigned to collect the debt. (*Id*. ¶¶ 14, 16.) Credence sent Cadiz a letter containing information about the alleged debt and the amount due. (*Id*. ¶¶ 17–18.) The letter included the following language:

---

[1] For the purpose of this motion to dismiss, the Court accepts all well-pleaded allegations in the complaint as true and draws all permissible inferences in Cadiz's favor. *See Tellabs, Inc. v. Makor Issues & Rights. Ltd.*, 551 U.S. 308, 322 (2007).

> The above listed account owing to AT&T Mobility has been assigned to Credence Resource Management, LLC for collections. This account is currently delinquent and due in full. We would like to resolve this matter amicably, therefore please send your payment for the above amount . . . .

(*Id.* ¶ 20.) Based on this language, Cadiz believed that the letter informed her that legal action was possible if the debt was left unresolved. (*Id.* ¶ 22.) Cadiz also alleges that Credence did not intend to take legal action. (*Id.* ¶ 23.) Consequently, Cadiz has filed a one-count complaint, alleging that Credence's letter violated § 1692(e) of the FDCPA by threatening the possibility of a lawsuit when Credence did not actually intend to take any legal action. Cadiz seeks relief in the form of statutory damages pursuant to 15 U.S.C. § 1692(k)(a)(2), as well as costs and attorney's fees pursuant to 15 U.S.C. § 1692(k)(a)(3).

## DISCUSSION

To survive Credence's Rule 12(b)(6) motion to dismiss, Cadiz's complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While the complaint need not contain detailed factual allegations, it must do more than plead allegations in the form of legal conclusions. *Bell Atl. Corp.*, 550 U.S. at 555. Rather, the complaint must include "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 556).

Section 1692(e) of the FDCPA prohibits debt collectors from using any "false, deceptive, or misleading" representation in connection with the collection of debt. Cadiz alleges that Credence's letter violated 15 U.S.C. § 1692(e) generally, as well as § 1692(e)(5), which prohibits "[t]he threat to take any action that cannot legally be taken or that is not intended to be taken," and § 1692(e)(10), which prohibits "[t]he use of any false representation or deceptive means to

2

collect or attempt to collect any debt or to obtain information concerning a customer." The Court will address Cadiz's allegations under each section of the FDCPA in turn.[2]

I. Section 1692(e)

To plead adequately a violation of § 1692(e) generally, Cadiz must allege that she received a communication from a debt collector in connection with the collection of debt that was "false, deceptive, or misleading." 15 U.S.C. § 1692(e). The alleged false representation must also be material. *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757–58 (7th Cir. 2009). Importantly, however, liability may be imposed under the FDCPA even when a false representation is made unintentionally. *Gearing v. Check Brokerage Corp.,* 233 F.3d 469, 472 (7th Cir. 2000). Claims alleging a violation of § 1692(e) are evaluated under the "unsophisticated consumer" standard, meaning that the court must determine whether the statement could be false, deceptive, or misleading from the perspective of an unsophisticated consumer, not whether the statement is misleading to the court. *Gruber v. Creditors' Prot. Serv., Inc.*, 742 F.3d 271, 273 (7th Cir. 2014).[3] Accordingly, a statement that is technically false does not violate the FDCPA unless it would mislead or deceive the unsophisticated consumer. *Wahl v. Midland Credit Mgmt., Inc.*, 556 F.3d 643, 645–46 (7th Cir. 2009). The requisite analysis "requires a fact-bound determination of how an unsophisticated consumer would perceive the letter." *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 759 (7th Cir. 2006). However, when a plaintiff's allegations rest solely on the text of a collection letter, dismissal is proper if a court finds that no unsophisticated consumer

---

[2] Because Cadiz need not specify a subsection of the FDCPA to succeed on an FDCPA claim, *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Cir. 2012), the Court will first address the allegations under § 1692(e) generally and then proceed to the allegations under subsections (5) and (10).

[3] Under this standard, the "unsophisticated consumer" is assumed not to be completely ignorant but rather to possess basic knowledge about the financial world. *Gruber*, 742 F.3d at 274. While possibly uninformed or naïve, the unsophisticated consumer does not interpret letters in a "bizarre or idiosyncratic fashion." *Id.* (quoting *Pettit v. Retrieval Masters Creditor Bureau, Inc.*, 211 F.3d 1057, 1060 (7th Cir. 2000)).

could find the letter to be deceptive or misleading. *See Bednarski v. Potestivo & Assocs., P.C.*, No. 16 CV 02519, 2017 WL 896777, at *3 (N.D. Ill. Mar. 7, 2017).

In *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800–801 (7th Cir. 2009), the Seventh Circuit identified three categories of FDCPA claims: (1) claims involving statements that in no way could be interpreted as misleading to the unsophisticated consumer; (2) claims involving statements that are not clearly misleading but "might possibly" mislead the unsophisticated consumer; and (3) claims involving statements that are plainly misleading. The Seventh Circuit went on to explain that dismissal is proper only in the first category. *Ruth*, 577 F.3d at 800; *see also Aker v. Bureaus Investment Group Portfolio No. 15 LLC*, 2014 WL 4815366, at *5 (N.D. Ill. Sept. 29, 2014) (finding that in the absence of extrinsic evidence, a defendant's motion to dismiss an FDCPA claim may be granted only if "the allegedly offensive language is plainly and clearly not misleading") (quoting *Lox v. CDA, Ltd.*, 689 F.3d 818, 822 (7th Circ. 2012)).

Credence's statements are not clearly misleading. But the Court cannot say that they **in no way** could be interpreted as misleading to the unsophisticated consumer. Rather, the letter is properly categorized as the second type of claim—for it is plausible that the use of the word "amicably" could mislead the unsophisticated consumer into believing that litigation was a possibility if the debt were left unresolved. *See McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1022 (7th Cir. 2014) (finding that the use of the phrase "offer to settle" in a collection letter seeking payment of a time-barred debt could mislead the unsophisticated consumer to believe that the debt was legally enforceable, even though the possibility of legal action was not mentioned in the letter.) Accordingly, Credence's motion to dismiss with regards to Cadiz's claim under 1692(e) generally is denied.[4]

---

[4] In reaching this conclusion, the Court finds that the alleged false representation is material, as required to allege a claim under the FDCPA, because Cadiz's concern over the possibility of litigation might have

4

## II.     Section 1692(e)(10)

For similar reasons, Cadiz adequately alleges a claim for a violation of § 1692(e)(10). Section 1692(e)(10) protects consumers from the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692(e)(10). Because, as discussed above, the Court concludes that Credence's collection letter could plausibly mislead an unsophisticated consumer to believe that litigation was possible if the consumer did not pay the amount requested, the Court determines that Cadiz has plausibly alleged that Credence "[use[d] . . . false representation[s] or deceptive means to collect or attempt to collect any debt . . . ." Thus, Cadiz's claim under § 1692(e)(10) also survives.

## III.    Section 1692(e)(5)

Section 1692(e)(5) protects consumers from "the threat to take any action that cannot legally be taken or that is not intended to be taken." Because the Court must evaluate all claims alleging an FDCPA violation under the "unsophisticated consumer" standard, *Gruber*, 742 F.3d at 273, the proper inquiry under § 1692(e)(5) is whether an unsophisticated consumer could plausibly be misled into interpreting the Credence's letter as a threat to take an action that they did not intend to take or legally could not take. *Cuenca v. Harris & Harris, Ltd.*, 2017 WL 1196922, at *1 (N.D. Ill. Mar. 31, 2017).

"A threat, in the broadest sense, involves a declaration of an intention to take some action." *St. John v. Cach, LLC*, 822 F.3d 388, 390–91 (7th Cir. 2016). Further, for a collection letter to threaten legal action under § 1692(e)(5), the letter must "communicate that a lawsuit is not merely a possibility, but that a decision to pursue legal action is either imminent or has already been made." *Aker v. Bureaus Inv. Grp. Portfolio No. 15 LLC*, 2014 WL 4815366, at *5

---

influenced Cadiz's decision whether or not to pay the debt. *See Johnson v. Enhanced Recovery Co., LLC*, 228 F. Supp. 3d 870, 874–75 (N.D. Ind. 2017) (explaining that a false statement is material when it has the "capability to affect the unsophisticated consumer's decisionmaking").

(N.D. Ill. Sept. 29, 2014) (citing *Jenkins v. Union Corp.*, 999 F. Supp. 1120, 1136 (N.D. Ill. 1998)). Thus, although Credence's letter might plausibly be understood by the unsophisticated consumer to indicate the ***possibility*** of legal action, the letter cannot plausibly be interpreted as an ***imminent*** intention to take legal action in the near future.[5]

For example, in *Aker v. Bureaus Investment Group Portfolio No. 15 LLC*, 2014 WL 4815366 (N.D. Ill. Sept. 29, 2014), the plaintiff received a collection letter regarding alleged debt on a credit card account from the creditor's law firm. The letter included the following language:

> [T]he above referenced matter has been placed with us for collection and such action as necessary to protect our client. At this time, no attorney with this firm has personally reviewed the particular circumstances of your account. However, if you fail to contact this office, our client may consider additional remedies to recover the balance due.

2014 WL 4815366, at *1. The district court found that an unsophisticated consumer could not plausibly interpret the law firm's letter to threaten litigation given the vagueness of the statements. In so reasoning, the court noted the absence of any reference to "courts, lawsuits, judgments, pleadings, damages, attorneys' fees, or any trappings of litigation." 2014 WL 4815366, at *5. In contrast, in *Clark v. Retrieval Masters Creditors Bureau, Inc.*, 185 F.R.D. 247, 251 (N.D. Ill. 1999), a collection agency sent the plaintiff a collection letter requesting the payment of debt accumulated from laboratory tests at a hospital. The collection letter included the following statements: "The [American Medical Collection Agency] has been authorized to take appropriate legal measures to obtain payment." and "[T]his is your final opportunity to settle your account without incurring additional problems." The district court found it plausible for an unsophisticated

---

[5] The Seventh Circuit has acknowledged that an FDCPA claim might be misleading without stating a threat. In *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1021 (7th Cir. 2014), the Court found that the use of the phrase "offer to settle" in a collection letter might plausibly mislead an unsophisticated consumer to believe the debt could be enforced by means of legal action, yet did not constitute a threat of litigation. Nevertheless, the Court held that a misrepresentation without a threat may suffice as a violation of the FDCPA. *Id*. at 1020. Accordingly, in this case, Cadiz's failure to state a claim under 15 U.S.C. § 1692(e)(5) does not prevent her claim under 15 U.S.C. § 1692(e) generally and § 1692(e)(10) from continuing.

consumer to believe these statements threatened imminent litigation. *Clark*, 185 F.R.D. at 249–50; *cf. Bandas v. United Recovery Serv., LLC*, 2017 WL 5191844 (N.D. Ill. Nov. 8, 2017) (finding that an unsophisticated consumer may read a collection letter as threatening litigation that states that collection efforts have been exhausted, "we have done everything we can think of," the recipient should contact the debt collector's office "today" to avoid "further procedures," "[t]his is our third attempt to have you voluntarily resolve this claim," and "we seek your cooperation now!").

Here, the Court concludes that no one could plausibly read Credence's letter to threaten imminent litigation. Unlike the letter in *Clark*, there is no explicit mention in Credence's letter that it was pursuing or contemplating legal action. Moreover, just like the collection letter in *Akers*, Credence's collection letter contains no reference to "any trappings of litigation." Though Cadiz might have been misled into thinking that Credence could possibly pursue litigation remedies, no recipient of such a letter, even if unsophisticated and naïve, could have plausibly understood Credence to be threatening imminent litigation. Thus, Cadiz fails to state a claim under 15 U.S.C. § 1692(e)(5).

## CONCLUSION

For the reasons stated above, Credence's motion to dismiss is granted in part and denied in part. The motion is granted as to Cadiz's claim under 15 U.S.C. § 1692(e)(5)—that claim is dismissed. The motion is denied with respect to Cadiz's claims under 15 U.S.C. § 1692(e) generally and § 1692(e)(10).

ENTERED:

Dated: August 24, 2018

_____
Andrea R. Wood
United States District Judge